1
2
3
4
5
6
7
8                       UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SHAWNDELL CUMMINGS,                    Case No. 2:25-cv-0708-JDP (P)

12                    Plaintiff,

13          v.                              ORDER; FINDINGS AND
                                            RECOMMENDATIONS
14   ORTIZ, *et al.*,

15                    Defendants.

16

17          Plaintiff filed an application to proceed *in forma pauperis*, however, plaintiff failed to sign

18   the application.  ECF No. 2.  Therefore, on March 13, 2025, I ordered plaintiff to submit either a

19   completed *in forma pauperis* application or pay the required filing fee within thirty days.  ECF

20   No. 4.  Plaintiff failed to comply with that order, therefore, on May 1, 2025, I ordered plaintiff to

21   show cause why this action should not be dismissed for his failure to pay the filing fee, to

22   prosecute, and to comply with court orders.  ECF No. 5.  Plaintiff has not responded to the order

23   to show cause, and the time to do so has passed.  Accordingly, dismissal of the action is

24   warranted.

25          The court has the inherent power to control its docket and may, in the exercise of that

26   power, impose sanctions where appropriate, including dismissal.  *Bautista v. Los Angeles Cnty.*,

27   216 F.3d 837, 841 (9th Cir. 2000); *see* Local Rule 110 ("Failure of counsel or of a party to

28   comply with these Rules or with any order of the Court may be grounds for imposition by the

                                            1

1   Court of any and all sanctions . . . within the inherent power of the Court.”).

2        A court may dismiss an action based on a party’s failure to prosecute an action, failure to

3   obey a court order, or failure to comply with local rules.  *See Ghazali v. Moran*, 46 F.3d 52, 53-54

4   (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258,

5   1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended

6   complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to

7   comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v.*

8   *U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court

9   order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of

10  prosecution and failure to comply with local rules).

11       In recommending that this action be dismissed for failure to comply with court orders, I

12  have considered “(1) the public’s interest in expeditious resolution of litigation; (2) the court’s

13  need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy

14  favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.”

15  *Ferdik*, 963 F.2d at 1260-61 (citation omitted).

16       Here, plaintiff has failed to respond to court orders directing him to file either a completed

17  *in forma pauperis* application or pay the required filing fee.  *See* ECF Nos. 4 & 5.  Therefore, the

18  public interest in expeditious resolution of litigation, the court’s need to manage its docket, and

19  the risk of prejudice to the defendant all support imposition of the sanction of dismissal.  Lastly,

20  my warning to plaintiff that failure to obey court orders will result in dismissal satisfies the

21  “considerations of the alternatives” requirement.  *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132-

22  33; *Henderson*, 779 F.2d at 1424.  The May 1, 2025 order expressly warned plaintiff that his

23  failure to comply with court orders would result in dismissal.  *See* ECF No. 5.  Plaintiff has had

24  adequate warning that dismissal could result from his noncompliance.  Accordingly, I find that

25  the balance of factors weighs in favor of dismissal.

26       Accordingly, it is hereby ORDERED that the Clerk of Court assign a district judge to this

27  action.

28

1    Further, it is hereby RECOMMENDED that:

2    1.  This action be DISMISSED without prejudice for failure to pay the filing fee, to

3    prosecute, and to comply with court orders for the reasons set forth in the March 13, 2025 order.

4    2.  The Clerk of Court be directed to close the case.

5    These findings and recommendations are submitted to the United States District Judge

6    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of

7    service of these findings and recommendations, any party may file written objections with the

8    court and serve a copy on all parties.  Any such document should be captioned "Objections to

9    Magistrate Judge's Findings and Recommendations," and any response shall be served and filed

10    within fourteen days of service of the objections.  The parties are advised that failure to file

11    objections within the specified time may waive the right to appeal the District Court's order.  *See*

12    *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.

13    1991).

14

15    IT IS SO ORDERED.

16

17    Dated:   __August 1, 2025__                    _____

18                                                          JEREMY D. PETERSON
                                                            UNITED STATES MAGISTRATE JUDGE
19

20

21

22

23

24

25

26

27

28

3